IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIVIL NO. 13-00157 LEK/KSC |
| Plaintiff, | ) |
| vs. | ) ORDER DENYING TEMPORARY<br>) RESTRAINING ORDER |
| DEPUTY ATTORNEY GENERAL<br>SUZUKI, et al., | ) |
| Defendants. | ) |

### ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the court is *pro se* Plaintiff Peter R. Tia's motion for temporary restraining order and preliminary injunction.  Mot. for Temporary Restraining Order, ECF No 4.  Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF") and seeks an injunctive order requiring Defendants to provide him an enhanced calorie menu that will support his perceived "ideal" weight of 215 pounds.

The court elects to decide this matter without a hearing pursuant to LR7.2(d) and LR99.16.2(a) of the Local Rules for the District of Hawaii and Rule 78(b) of the Federal Rules of Civil Procedure.  Plaintiff does not show that he will likely succeed on the merits of this action, will suffer irreparable harm without issuance of an injunctive order, the balance of equities tips in his favor, or that issuing a restraining order here is in the public interest.  Plaintiff's Motion is DENIED.

### I.  **LEGAL STANDARD**

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.  See *G. v. State of Haw., Dep't of Human Servs.*, 2009 WL 2877597 (D. Haw. Sept. 4, 2009); *Schoenlein v. Halawa Corr. Facility*, 2008 WL 2437744 (D. Haw. June 13, 2008).

A "preliminary injunction is an extraordinary and drastic remedy never awarded as of right."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009).

"That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135-36 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).  In cases brought by prisoners involving conditions of confinement, injunctive relief

"must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

## II.  DISCUSSION

Plaintiff states that he is at least 5'11" tall, although his HCF medical records may show that he is 6', and that, as of March 2013, he weighs 156 pounds.  Plaintiff alleges that the National Institutes of Health ("NIH") weight and body mass index ("BMI") standards show that a male his height should weigh at least 179 pounds and that his ideal weight is 215 pounds.  Plaintiff alleges that Defendant Dr. Steven DeWitt misrepresented these NIH weight and BMI standards to this Court at a hearing on February 13, 2012, in Civ. No. 11-00459 LEK.[1]  Plaintiff seeks an order requiring the Hawaii Department of Public Safety to provide him an enhanced calorie diet until he is at or about 179 pounds.

The court agrees that an ongoing practice of failing to provide inmates with adequate food can undoubtedly cause serious physical injury.  Plaintiff, however, is mistaken regarding the

---

[1] At that hearing, the court received extensive evidence regarding Plaintiff's diet and weight and thereafter denied Plaintiff's motion for a temporary restraining order requiring the Department of Public Safety to provide him with an enhanced calorie diet. *See* Civ. No. 11-00459 LEK, ECF No. 42.  The case was later dismissed for Plaintiff's failure to exhaust his administrative remedies.  *Id.*, ECF No. 156.

NIH standards, and that Dr. DeWitt misrepresented those standards.

First, the current NIH weight standards for a person who is 5'11", is between 133 and 178.5 pounds, representing a BMI of 18.5-24.9.[2]  The Court's online review of other weight and BMI calculators track these standards.[3]  Plaintiff's current weight, 156 pounds, is considered ideal under the NIH standards, whether he is 5'11" (BMI 21.8) or 6' (BMI 21.2).  If Plaintiff weighed 179 pounds, or his "goal" weight of 215 pounds, he would be considered overweight or obese under the NIH's and other weight/BMI standards.  *Id.*

Second, Dr. DeWitt's declaration in Civ. No. 11-00459 LEK did not misrepresent the NIH standards, as Plaintiff claims, or perpetrate a fraud on the court, as Plaintiff alleges.  *See* Civ. No. 11-00459 LEK, DeWitt Decl., ECF No. 41-1 PageID #192 (stating that, in DeWitt's medical opinion, Plaintiff's weight at that time was "perfectly reasonable," and well within the ideal range of 133 to 179 pounds).  Dr. DeWitt's opinion at the February 13, 2012 hearing reflected this written opinion.

Plaintiff does not show injury or adverse effects based on the NIH weight and BMI standards as applied to his weight of

---

[2] *See* http://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl.

[3] *See e.g.*, Centers for Disease Control bmi calculator at: http://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

156 pounds.  He cannot show (1) "serious questions going to the merits," (2) a likelihood of irreparable injury, (3) that an injunction requiring an enhanced calorie diet is in the public interest, or (4) that the balance of equities tips in his favor.  Plaintiff is not entitled to a temporary restraining order injunctive relief.  *See Alliance for Wild Rockies,* 632 F.3d at 1135-36.  Plaintiff's Motion for a Temporary Restraining Order is DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, April 9, 2013.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Tia v. Suzuki*, 1:13-cv-00157 LEK/KSC;G:\docs\prose attys\TROs\2013\Tia 13-157 lek (NIH bmi stds viol.).wpd