IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, #A1013142, | ) | CIV. NO. 13-00157 LEK/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR RULE |
| vs. | ) | 60(b) RELIEF |
| | ) | |
| RUSSELL A. SUZUKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RULE 60(b) RELIEF

On April 12, 2013, the court screened and dismissed
Plaintiff's prisoner civil rights Complaint pursuant to 28 U.S.C.
§§ 1915A(b) and 1915(e), with leave granted to amend.  *See* Order,
ECF No. 11.  Plaintiff seeks relief from that Order pursuant to
Federal Rule of Civil Procedure 60(b), based on his allegations
that the court committed fraud when reviewing and screening the
Complaint.  Motion, ECF No. 16.

## I. MOTION FOR RECONSIDERATION

A motion for reconsideration must (1) "demonstrate
reasons why the court should reconsider its prior decision" and
(2) "must set forth facts or law of a strongly convincing nature
to induce the court to reverse its prior decision."  *Hele Ku KB,
LLC v. BAC Home Loans Serv., LP*, 873 F. Supp.2d 1268, 1289 (D.
Haw. 2012).  Three grounds justify reconsideration: (1) an
intervening change in controlling law; (2) the availability of
new evidence; and (3) the need to correct clear error or prevent
manifest injustice.  *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th

Cir. 2004).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

Rule 60(b)(3) allows the court to provide relief on the basis of fraud if the fraud was not discoverable by due diligence before or during the proceeding, and was materially related to the submitted issue.  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *United States v. Tanoue*, 165 F.R.D. 96, 98 (D. Haw. 1995) (citing *Pac. & Arctic Ry. & Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1988)).

## II.  DISCUSSION

Plaintiff's Complaint alleges that a person his weight and height is considered underweight by the the National Institutes of Health ("NIH") weight and body mass index ("BMI") standards and charts.  Plaintiff alleges this court committed fraud by relying on "fraudulent" NIH charts when it dismissed his Complaint without a hearing.  *See* Tia Decl., ECF No. 16-1.

First, a judge may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Rule 201 of the Federal Rules of Evidence provides that "a judicially noticed fact must be one not

subject to reasonable dispute in that it is . . . capable of
accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)
(West 2006).  The NIH weight and BMI standards are government
documents publicly available on the Internet, and "can be
accurately and readily determined from sources whose accuracy
cannot reasonably be questioned." Fed. R. Evid. 201.  Moreover,
the court did not notice the NIH charts for the accuracy of their
statements concerning obesity, but only for the weight and BMI
categories they present, as cited by Plaintiff.  Thus, it was
appropriate to take judicial notice of these charts.

        Second, the court may properly consider documents whose
contents are alleged in a complaint but not attached, if their
authenticity is not questioned.  *Lee*, 250 F.3d at 688.  Plaintiff
referred to the NIH standards in his Complaint and based his
claimed constitutional violations on those purported standards.
The court is "not required to accept as true conclusory
allegations which are contradicted by documents referred to in
the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293,
1295 (9th Cir. 1998).

        Third, Plaintiff either willfully misrepresented the
NIH chart's data in his TRO Motion and Complaint, or simply
misunderstands the chart's guidelines, recommendations, and
import.  Under NIH guidelines, Plaintiff is not underweight,
regardless of whether the court refers to the 1998 NIH chart (to

3

which Plaintiff allegedly cites),[1] or to the current 2013 chart.[2]
Plaintiff's clearly incorrect assertions regarding the NIH
standards do not present a legitimate dispute.  While the court
must liberally construe a *pro se* litigant's pleadings, it is not
required to blindly accept frivolous, inaccurate statements as
fact.  Plaintiff's unfounded belief that he is underweight
pursuant to his mistaken perception of the NIH weight and BMI
standards does not make it so, and the court need not accept his
claims without regard to the truth.

Finally, Plaintiff presents no newly discovered
evidence, intervening change in controlling law, or manifest
error in the decision to dismiss his Complaint with leave granted
to amend.  Plaintiff provides no other reason justifying relief
and his Motion under Rule 60(b) is DENIED.

IT IS SO ORDERED.

---

[1] *See* Evidence Report of Clinical Guidelines on the
Identification, Evaluation, and Treatment of Overweight and
Obesity in Adults, 1998.  NIH/National Heart, Lung, and Blood
Institute (NHLBI).

[2] *See* http://www.nhlbi.nih.gov/guidelines/obesity/bmi_tbl
(last accessed and dated April 29, 2013).

DATED: Honolulu, Hawaii, May 10, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

Tia v. Suzuki, et al., 1:13-cv-00157 LEK/KSC;; G:\docs\prose attys\Recon\DMP\2013\Tia
13-157 lek  (recon dsm'l of C).wpd